In re ELECTION OF DIRECTORS OF CONLON ELECTRIC WASHER CO., Inc.

CONLON et al. v. CONLON ELECTRIC WASHER CO., Inc., et al.

(No. 7636.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

CORPORATIONS ⊂⊃197—ELECTION OF DIRECTORS—RIGHT TO VOTE.

Where a corporation by resolution issued 30 shares of preferred and 30 shares of common stock to C., in trust for H., until payment for the preferred stock, whereupon it was to be transferred to H., together with the common stock, and H. paid for 20 shares of the preferred stock and made a 10 per cent. deposit on the purchase price of the remaining shares, H. was, at least in equity, the owner of and entitled to the beneficial use of the stock as paid for, so that his trustee was entitled to vote upon the 20 shares.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 747, 749–763, 764; Dec. Dig. ⊂⊃197.]

Appeal from Special Term, New York County.

Petition by Thomas Conlon and others against the Conlon Electric Washer Company, Incorporated, and others. From an order setting aside an election of directors of defendant corporation, and directing that a new election be had, defendants appeal. Reversed, and proceeding dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Francis X. Carmody, of New York City, for appellants.

John M. Nolan, of New York City, for respondents.

SCOTT, J.  There are several provisions of the order appealed from which seem to us to be of doubtful validity.  Among these is the vacatur of the election of the two directors who were unanimously elected, and the provision that at the new election the stock should be voted as it was owned at the date of the election ordered to be set aside.  It is unnecessary, however, to discuss these provisions of the order.  The question whether or not a new election should be had turns upon the right of Walter J. Conlon to vote upon the shares of stock held by him in trust for delivery to Wm. F. Haynie when he should pay for them.  The precise terms of the resolution under which this stock was issued does not appear, but the statement of its purport, made by Haynie and not disputed is:

"That 30 shares of preferred and 30 shares of the common stock be issued to W. J. Conlon, to be held in trust by him for me until payment of the said 30 shares of preferred stock, whereupon the preferred stock paid for was to be transferred to me, together with share for share of said common stock."

It appeared that before the election Haynie had paid to the company and it had accepted payment for 20 shares of the stock, and a 10 per cent. deposit on the purchase price of the remaining 10 shares.  The justice at Special Term construed the resolution to mean that the whole 30 shares remained the property of the company, as unissued stock, until the full purchase price was paid for 30 shares.  We do not so construe the resolution as recited by Haynie.  Equitably, at least, he became the owner of and entitled to the beneficial use of the stock as he paid for it, unless it was expressly provided, as it does not appear to have been, that he should be entitled to none of the stock until he had paid for all.  If we are right in this construction, at least 20 of the votes which Conlon tendered on account of this stock, in Haynie's interest, were properly received and counted, and these votes were sufficient to elect Haynie, Moran, and Regina Conlon, even if all the other votes condemned by the Special Term were thrown out.

The order appealed from must be reversed, with $10 costs and disbursements, and the proceeding dismissed, with $10 costs.  All concur